DLD-228-E                                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2822
_____

IN RE:  AYODELE OKE,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to D.C. Criminal No. 2-11-cr-00321-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 6, 2011

Before:  FISHER, BARRY and VAN ANTWERPEN, Circuit Judges.

(Filed:  July 11, 2011)
_____

OPINION
_____

PER CURIAM

Ayodele Oke petitions this Court to direct the United States District Court for the

Eastern District of Pennsylvania to 1) dismiss his criminal case with prejudice, and

2) enjoin the Montgomery County Assistant District Attorney from proceeding as counsel

for the Commonwealth of Pennsylvania.  Oke has also filed for an emergency stay of his

state-court proceedings.  We will deny both filings.

The current controversy arises from a state criminal charge: on April 3, 2011, Oke allegedly assaulted one Shawn Schwarz at gunpoint in Schwarz's home. Oke was taken into custody the following day, and was charged with, *inter alia*, reckless endangerment, burglary, and aggravated assault.[1]

Oke's criminal case commenced in the Montgomery County Court of Common Pleas, but after filing a "pro se notice of removal" in early June, he succeeding in opening a federal criminal docket in the Eastern District of Pennsylvania. In rapid-fire succession, Oke submitted numerous documents, alleging failures of standing, various constitutional violations, lack of subject-matter and personal jurisdiction, and so on. He frequently cited the Federal Rules of Civil Procedure, claiming that the "plaintiff" – the Commonwealth – sought to "sue" him, an action thus subject to a motion to dismiss under Rule 12(b)(2)–(3). Elsewhere, Oke appeared to contest the evidence assembled against him.

Having received no response from the District Court, Oke filed a "Petition for Writ of Mandamus and Sanctions" with this Court on July 1. Once again, Oke levied many accusations, including a claim that the "plaintiff" had failed to properly assert jurisdiction in accordance with the Federal Rules; therefore, he maintained, the District Court was required to dismiss the criminal action, "given there is nothing else that can be accomplished or argued in the case." Oke then filed an emergency motion to stay "all

---

[1] See generally CP-46-CR-0003220-2011.

2

state court proceedings" pending the resolution of the writ of mandamus, apparently with an eye toward an initial appearance scheduled in the Court of Common Pleas for July 13, 2011, and a pre-trial conference following on August 8, 2011 – the state-court proceedings having continued apace during the pendency of Oke's federal action.

Mandamus is an "extraordinary" remedy, see In re Pressman-Gutman Co. v. First Union Nat'l Bank, 459 F.3d 383, 398 (3d Cir. 2006), and while this case is certainly unusual, it does not merit granting of the writ. Removal of a state criminal case to federal court, while possible, is subject to strict limitations; for example, prosecutions against federal officers may be removed pursuant to 28 U.S.C. § 1442, and other criminal prosecutions may be removed in certain civil rights contexts under 28 U.S.C. § 1443. See also Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (reciting two-part test for removal under § 1443, and requiring that the "the right allegedly denied the removal petitioner arise[] under a federal law 'providing for specific civil rights stated in terms of racial equality'") (citations omitted). But removal is *not* warranted when it is "based solely on petitioners' allegations that the statutes underlying the charges against them were unconstitutional, that there was no basis in fact for those charges, or that their arrest and prosecution otherwise denied them their constitutional rights." Id. at 222.

Even if Oke had properly removed his case to federal court, however, he would still not be entitled to mandamus; as barely a month has passed since he commenced proceedings in the Eastern District, he can show no undue delay that would suggest our mandate as an appropriate solution. See Madden v. Myers, 102 F.3d 74, 79 (3d Cir.

3

1996) (eight months of inaction on motions not sufficient to compel mandamus); see also Pressman, 459 F.3d at 399 (mandamus petitioner must show that his right to the writ is clear and indisputable).

Nor is a stay warranted. Federal courts generally will not enjoin or otherwise interfere with state criminal prosecutions. See Younger v. Harris, 401 U.S. 37, 45 (1971); see also Lazaridis v. Wehmer, 591 F.3d 666, 670 (3d Cir. 2010). Accordingly, as Oke has not shown a likelihood of success on the merits – nor, for that matter, a likelihood of irreparable harm "above and beyond that associated with the defense of a single prosecution brought in good faith," Younger, 401 U.S. at 48 – we decline to grant a stay. See Stilp v. Contino, 613 F.3d 405, 409 (3d Cir. 2010).[2]

For the foregoing reasons, we will deny Oke's petition for mandamus. His motion to stay state proceedings is denied.

---

[2] Oke proceeds under the assumption that his notice of removal deprived the state court of jurisdiction. He is incorrect. Under 28 U.S.C. § 1446(c)(3), "[t]he filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further."